NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re PAMELA KAJLA,<br><br>        Debtor. | Bankruptcy Action No. 18-33602 (CMG) |
| PAMELA KAJLA,<br><br>        Appellant,<br><br>v.<br><br>U.S. BANK NATIONAL<br>ASSOCIATION, et al.,<br><br>        Appellees. | **ON APPEAL FROM THE<br>BANKRUPTCY COURT OF THE<br>DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 19-1043 (MAS)<br><br>**MEMORANDUM OPINION** |

### SHIPP, District Judge

This matter comes before the Court upon pro se Appellant Pamela Kajla's ("Appellant")

Appeal (Notice of Appeal, ECF No. 1) from the Bankruptcy Court's Order ("January 17 Order")

(Bankr. ECF No. 41)[1] granting her creditors' motion for relief from the automatic bankruptcy stay

pursuant to 11 U.S.C. § 362(d)(4), relief from the co-debtor[2] stay pursuant to 11 U.S.C. § 1301(c),

and relief from the stay to divest Appellant of a possessory interest (collectively, the "Motion for

Relief from the Stay") (Bankr. ECF 12). Appellant filed her initial brief in support. (ECF No. 24.)

Appellees U.S. Bank National Association, as Trustee for Credit Suisse First Boston MBS ARMT

2005-8 ("U.S. Bank ARMT Trustee"), and U.S. Bank National Association, as Trustee for

---

[1] Docket entries from the bankruptcy proceeding—*In re Pamela Kajla*, No. 18-33602 (Bankr. D.N.J.)—are designated as "Bankr. ECF No."

[2] Appellees also sought relief from the automatic bankruptcy stay of Appellant's spouse, non-filing co-debtor Ajay Kajla ("Appellant's Spouse" or "Ajay Kajla"). (*See* Bankr. ECF No. 12-2 ¶ 20.)

Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate Mortgage-Backed Pass-Through

Certificates, Series 2005-8 (collectively, the "Trustee" or "Appellees") opposed (ECF No. 25).

Appellant replied on September 6, 2019. (ECF No. 26.) The Court has carefully considered the

parties' submissions and, pursuant to Local Civil Rule 78.1, decides the matter without oral

argument. For the reasons set forth below, the Court denies Appellant's Appeal and affirms the

Order of the Bankruptcy Court.

## I.    BACKGROUND[3]

In or around April 2005, Appellant's Spouse executed a mortgage on real property located

at 6 Ramapo Court, Colts Neck, New Jersey 07722 (the "Property"). (Appellees' Br. 3, ECF

No. 25.) The Trustee filed a foreclosure action in or about December 2007. *U.S. Bank Nat'l Ass'n

v. Kajla*, No. A-3875-14, 2016 WL 5210609, at *1 (N.J. Super. Ct. App. Div. Sept. 22, 2016), *cert.

denied*, 158 A.3d 581 (N.J.), *cert. denied*, 138 S. Ct. 120, 2017 WL 2362637 (Oct. 2, 2017). On

March 6, 2015, a second amended final judgment of foreclosure was entered against Appellant's

Spouse. *Id.* Appellant's Spouse's motion to vacate the judgment was denied, as was his appeal to

the New Jersey Superior Court, Appellate Division. *Id.*

On October 23, 2017, Appellant's Spouse filed suit in the United States District Court for

the District of New Jersey asserting that U.S. Bank National Association and other named

defendants "engaged in a fraudulent scheme to deprive him of his home by unlawfully assigning

his Mortgage and Note and then foreclosing on it without standing to do so." *Kajla v. U.S. Bank

Nat'l Ass'n for Credit Suisse First Bos. MBS ARMT 2005-8*, No. 17-8953, 2018 WL 1128498, at

---

[3] The factual and procedural histories of this matter are well known to the parties and the Court.
The Court recently denied appeals by Appellant's Spouse of three different orders, all stemming
from a parallel bankruptcy action relating to the same real property. (*See* Nos. 18-16813;
18-16814; 18-16818.) The Court, accordingly, only recites those facts necessary to provide context
and resolve the instant appeal.

*2 (D.N.J. Mar. 1, 2018). The court dismissed the case and denied Appellant's Spouse's motion to amend the complaint. *Id.* at *8. The Property was sold at a sheriff's sale on October 30, 2017. (Appellees' Br. 4.) On June 18, 2018, Appellant's Spouse filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of New Jersey. (*Id.*) On August 17, 2018, the Appellees obtained relief from the automatic stay and an eviction was scheduled for December 4, 2018. (*Id.*)

On November 30, 2018, Appellant filed the underlying Chapter 13 bankruptcy petition, thus reinstituting the automatic stay as to the Property (Pet., Bankr. ECF No. 1.) On January 17, 2019, the Bankruptcy Court granted Appellees' Motion for Relief from the Stay. (Bankr. ECF No. 41.) On January 24, 2019, Appellant filed the instant appeal. (Notice of Appeal, ECF No. 1.) On February 13, 2019, Appellant filed a Motion for a Temporary Restraining Order (Appellant's TRO Mot., ECF No. 5), which this Court denied on March 8, 2019 (ECF No. 16). The briefing on the instant appeal followed.

## II.    ISSUES PRESENTED ON APPEAL[4]

Appellant raises the following issues on appeal:

1.  Did the Bankruptcy Court err when it granted Appellees' Motion for Relief from the Stay? (Appellant's Br. 16, ECF No. 24; *see also* Statement of Issues ¶ 5, ECF No. 1-5 (arguing the Bankruptcy Court erred by granting Appellees a "far-fetched Order thereby infringing on the [c]ivil [r]ights of Appellant").)

2.  Did the Bankruptcy Court err when it "[d]id not look at the evidence presented that pointed to clear '[f]raud [u]pon the [c]ourt' at multiple levels over the [c]ourse of the [c]ase[?]" (Statement of Issues ¶ 1.)

---

[4] The Court notes that there are discrepancies between the arguments made in Appellant's Statement of Issues (ECF 1-5) and those articulated in her opening brief. (*Compare* Statement of Issues ¶¶ 1–6 *with* Appellant's Br. 16.) Given Appellant's pro se status, the Court addresses all of Appellant's arguments out of an abundance of caution. The Court highlights where these arguments are duplicative across the two documents with parallel citations.

3. Did the Bankruptcy Court err when it "[d]id not [issue] a written opinion [when it granted] the [Motion for Relief from the Stay][?]" (*Id.* ¶ 2.)

4. Did the Bankruptcy Court err when it showed "bias [against] Appellant because of her Spouse's [bankruptcy] litigation[?]" (Appellant's Br. 16; *see also* Statement of Issues ¶ 4 (arguing the Bankruptcy Court was "[p]re-disposed [to an unfavorable] decision in [the instant case] and [Ajay Kajla's most recent bankruptcy case?]").)[5]

5. Did the Bankruptcy Court err when it "[d]id not respect the rights of a [pro se] litigant[?]" (*Id.; see also* Statement of Issues ¶ 6.)

## III. STANDARD OF REVIEW

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a "clearly erroneous" standard, where factual findings may only be overturned "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (internal quotation marks and citation omitted). Legal conclusions, on the other hand, are subject to *de novo* review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987). A district court evaluates "mixed questions of law and fact under a mixed standard, affording a clearly erroneous standard to integral facts, but

---

[5] To the extent this issue relates to a matter that is not currently before the Court, the Court does not address it.

exercising plenary review of the lower court's interpretation and application of those facts to legal

precepts." *In re Cellnet Data Sys., Inc.*, 327 F.3d at 244.

Here, Appellant advances several arguments on appeal that are difficult to characterize.

The Court, however, is aware of Appellant's pro se status and, out of an abundance of caution,

adopts a *de novo* standard when reviewing Appellant's arguments.[6]

## IV.    DISCUSSION[7]

### A.    The Bankruptcy Court Did Not Err When It Granted Appellees' Motion for Relief from the Stay

Appellant avers that the Bankruptcy Court erred when it granted Appellees' Motion for

Relief from the Stay. Appellant's argument mainly reiterates generalized allegations of fraud

---

[6] It is of paramount importance to note that the Court is not articulating a new standard of review for pro se bankruptcy appeals. Given the remarkably long procedural history of this foreclosure action, the Court finds that the interests of justice are best served by a final resolution to the questions presented on appeal and that evaluating the merits of the appeal at a lower standard could invite additional litigation.

[7] As noted above, this is not the first time the Court has encountered litigation relating to the Property. The legal arguments advanced by Appellant are highly similar and, at times, verbatim, to those previously articulated by her spouse in his numerous bankruptcy appeals. (*See* Nos. 18-16813; 18-16814;18-16818.) Many of the arguments proffered by Appellees, accordingly, are identical to the arguments Appellees raised in their briefing in the aforementioned matters. The Court, therefore, re-incorporates its previously articulated analysis where appropriate. As an initial matter, Appellees argue that Appellant's Appeal should be denied as moot because a final judgment of foreclosure has been entered against the Property; the Property has been sold at a sheriff's sale; and Appellant and her Spouse have been evicted from the premises. (Appellees' Br. 1, ECF No. 25.) According to Appellees, a decision reversing the Bankruptcy Court's Order would have "no practical effect." *See Amboy Nat'l Bank v. 556 First St., LLC*, No. A-0281-09T3, 2011 WL 3628894, at *1 (N.J. Super. Ct. App. Div. Aug. 19, 2011) ("Because the property has already been sold to a bona fide third-party purchaser, any decision we might make with respect to the issues raised under the Fair Foreclosure Act would have no practical effect on the controversy respecting the foreclosure and sale of the property. Thus, the issues presented here are moot."). In addition, federal courts must refrain from issuing advisory opinions. *See McCahill v. Borough of Fox Chapel*, 438 F.2d 213, 215 (3d Cir. 1971). Pro se Appellant does not address this argument. Here, because it is unclear on the record and from the briefing whether a reversal would have "no practical effect," and because the Court finds the Bankruptcy Court's decision must be affirmed, the Court decides the instant case on the merits of Appellant's Appeal.

5

against Appellees and claims of bias against the bankruptcy judge, accusing her of "rubber stamping a decision without reading both sides." (Appellant's Br. 13, 16–17.)[8] The only colorable argument advanced by Appellant is that Appellees failed to "show[] that they had the right to proceed under Federal Rule of Bankruptcy 3001." (*Id.* at 14.)

The Bankruptcy Code provides that, when a debtor files a bankruptcy petition, the petition automatically operates "as a stay" of the commencement or continuation of actions or other attempts by creditors to recover against the debtor. *See generally* 11 U.S.C. § 362. Upon "request of a party in interest and after notice and a hearing," a bankruptcy court will grant a creditor relief from the stay:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> . . .
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d). When multiple parties are liable for the same debt, the Bankruptcy Code similarly prevents creditors from proceeding against a co-debtor, absent an additional order of relief. 11 U.S.C. § 1301(c).

Adopting a *de novo* standard of review, the Court finds no basis to overturn the January 17 Order. Section 362(d) of the Bankruptcy Code specifically empowers bankruptcy courts to grant

---

[8] Appellant also dedicates much of her Reply Brief to Appellees' alleged "long history of fraud upon the court" and other non-specific allegations of impropriety. (*See generally* Appellant's Reply Br., ECF No. 26.)

creditors relief from the automatic stay in cases where the court determines the bankruptcy petition

is part of a "scheme to delay, hinder, or defraud creditors" involving, *inter alia*, "multiple

bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4).

The instant bankruptcy petition is a textbook illustration of the kind of scenario the statute

was enacted to prevent. In Appellant's own briefing, she admits that her spouse repeatedly filed

for bankruptcy not to facilitate a reorganization of personal debt, but "to protect his property from

fraudulently induced foreclosure." (Appellant's Br. 5.) Appellant further acknowledges that she

and her spouse have filed a combined four separate bankruptcy actions stemming from the same

foreclosure action against the Property,[9] which was initiated in 2009. (Appellee's Br. 1.) These

repeated actions demonstrate an intent to delay or hinder creditors with valid claims. On this

record, the Court finds the Bankruptcy Court did not err when it granted Appellees' Motion for

Relief from the Stay pursuant to 11 U.S.C. § 362(d)(4).[10]

Appellant does not challenge the merits of the Bankruptcy Court's ruling pursuant to 11

U.S.C. § 362(d) or 11 U.S.C. § 1301(c). Instead, Appellant argues Appellees have failed to

establish "they had a right to proceed" pursuant to Federal Rule of Bankruptcy Procedure 3001.

---

[9] Appellant identifies the following bankruptcy actions that she or her spouse initiated: (1) "[i]n May 2009 Appellant filed [for] Chapter 7 [b]ankruptcy [protection] to stop the foreclosure and because of the economic meltdown." (Appellant's Br. 5 b.2); (2) "[o]n July 5, 2015[,] [Appellant's] Spouse was forced to file a Chapter 13 bankruptcy [petition] to stop foreclosure. . ." (*Id.* at 6 b.5); (3) "[Appellant's] Spouse filed [for] Chapter 7 [b]ankruptcy [protection] on June 18, 2018." (*Id.* at c.1) (4) on November 30, 2018, Appellant filed for Chapter 13 bankruptcy protection. (Bankr. ECF No. 1.)

[10] The January 17 Order also vacated the automatic bankruptcy stay as to the Property entered in the bankruptcy proceeding of Appellant's Spouse pursuant to 11 U.S.C. § 1301(c). Under the statute, a bankruptcy court "shall grant" a creditor relief from the automatic stay if their "interest would be irreparably harmed by [the] continuation of such stay." 11 U.S.C. § 1301(c). As discussed above, Appellant and her Spouse have filed repeated bankruptcy petitions with the intent to impermissibly delay or hinder Appellees and their other creditors. The Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on these grounds.

Because the January 17 Order did not address whether Appellees could proceed under Federal Rule of Bankruptcy Procedure 3001, the Court finds it is not ripe for the instant appeal.

## B. The Bankruptcy Court Did Not Err By Failing to Consider Purported Evidence of Fraud

Appellant argues that the Bankruptcy Court failed to consider evidence of "fraud upon the court" during its adjudication of the underlying bankruptcy action. However, even upon *de novo* review, Appellant's argument is unconvincing.

Appellant repeatedly accuses Appellees of fraud throughout her filings in the Bankruptcy Court. (*See, e.g.*, Opp'n to Mot. for Relief from the Stay, Bankr. ECF No. 16; Appellant's TRO Mot., Appellant's Br.) Among Appellant's many fraud allegations are claims that Appellees obtained previous orders from the Bankruptcy Court with "misrepresentation [and] fraud," transferred the Property with "fraudulently induced methods," and "fraudulently induced [the] foreclosure [action] and 'proof of claim' process and infringed upon the [c]ivil [r]ights" of Appellant. (Appellant's Br. 1–3.)

Appellant's arguments are not novel and are at many times verbatim to those articulated by her spouse during the pendency of the various litigations relating to the Property. These arguments have been heard and repeatedly rejected. In her briefing, Appellant has failed to articulate an effective argument as to why this Court should reach a different conclusion than previous courts have reached. This Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on this ground.

## C. The Bankruptcy Court Did Not Err By Not Issuing a Written Opinion When Granting Appellees' Motion for Relief from the Stay

Appellant next argues that the Bankruptcy Court erred because it "[d]id not [issue] an opinion" when it granted Appellees' Motion for Relief from the Stay. Although Appellant raises

this argument in her Statement of Issues, she provides no briefing or argument in support of her claim. (*See generally* Appellant's Br.) While the Bankruptcy Court did not issue a corresponding memorandum opinion with the January 17 Order, the text of the Order clearly articulates its scope and effect. (*See generally* Jan. 17 Order.) The Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on this ground.

### D.    Appellant's Remaining Arguments

Finally, Appellant argues her appeal should be granted because the Bankruptcy Court impermissibly: (1) showed "bias [against] Appellant because of her Spouse's [bankruptcy] litigation" (Appellant's Br. 16) and was "[p]re-disposed [to an unfavorable] decision in [the instant case] and [Ajay Kajla's] most recent bankruptcy case" (Statement of Issues ¶ 4); and (2) "[d]id not respect the rights of a [pro se] litigant." (*Id.* ¶ 6.)

On Appellant's first point, it is unclear as to what bias Appellant is alleging the Bankruptcy Court showed. Appellant provides no explanation for the time frame she references and offers no specifics as to how the Bankruptcy Court showed alleged bias against her. (*See generally* Appellant's Br.) In support of her claim that the Bankruptcy Court was predisposed to rule against her, Appellant vaguely points to the Bankruptcy Court's previous denial of motions in her Spouse's bankruptcy case. (*Id.* at 1.) The Court finds both of Appellant's arguments are without merit.

Next, Appellant avers that the Bankruptcy Court did not respect her rights as a pro se litigant. Much like Appellant's other arguments, Appellant offers no evidence to support this claim. In fact, the record supports the opposite conclusion. Appellant and her Spouse have been litigating various causes of action ever since they defaulted on a loan, secured by the Property, in September 2007. Appellant and her Spouse have been afforded the opportunity to zealously advocate their cases and, at every step of the way, various courts have considered their arguments.

Despite filing numerous cases before this Court, neither Appellant nor her Spouse have ever articulated a new substantive argument in support of their position. Rather they have submitted motions and briefs in numerous parallel cases that are virtually identical to one another, rehashing the same rejected arguments. Even when employing the most deferential standard of review, the Court finds no evidence that the Bankruptcy Court acted improperly and, therefore, there is no basis to overturn the Bankruptcy Court's Order on these grounds.

## V.    CONCLUSION

For the foregoing reasons, Appellant's Appeal is denied. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 30, 2019